This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.  NO.  32,095

**BRIAN VIVIER**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Matthew J. Sandoval, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Michael R. Demarco
McIntosh, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Brian Vivier (Defendant) appeals his convictions for criminal sexual penetration (CSP) of a child under the age of thirteen and kidnaping. We proposed to affirm in a calendar notice. Defendant responded to our notice with a memorandum in opposition. We have considered Defendant's arguments, but are not persuaded by them. We affirm.

Defendant claims that this case was a simple "he said, she said" case with no difficult matters for the jury, only a few witnesses, and no other difficulties. [MIO unnumbered 1-2] We have held that a simple case typically requires "less investigation and tend[s] to involve primarily police officer testimony during the trial," while an intermediate case seems "to involve numerous or relatively difficult criminal charges and evidentiary issues, numerous witnesses, expert testimony, and scientific evidence." *State v. Laney*, 2003-NMCA-144, ¶ 14, 134 N.M. 648, 81 P.3d 591. The jury trial in this case lasted two days and involved evidence of a safehouse interview and examination of a young child, testimony from an expert witness, and detailed testimony regarding the incident. This was not a simple case that primarily involved officer testimony. In fact, the district court found that the case was of intermediate complexity. [RP 97] We reject Defendant's argument that the case should be categorized as simple. As discussed in our calendar notice, for a case of intermediate complexity, the length of delay is not considered presumptively

prejudicial unless it is fifteen months or longer. The delay in this case was less than fifteen months and, therefore, there has been no threshold showing that the delay was presumptively prejudicial. As we stated in our calendar notice, we need not inquire further into the speedy trial factors.

In our notice, we proposed an additional ground for affirmance—that Defendant had not demonstrated actual prejudice. In response, Defendant claims that he suffered prejudice because "he was not a free man," and he was required to attend counseling, report weekly to pretrial services, submit for drug screens, and pay for the ankle monitor. Defendant contends that, because of the ankle monitor and the obligations of his release, he was subjected to "a form of oppressive incarceration" and was anxious and concerned as a result. [MIO unnumbered 3] We disagree with Defendant's contentions. As explained in *State v. Valencia*, 2010-NMCA-005, 147 N.M. 432, 224 P.3d 659, the prejudice factor weighs in favor of a defendant only when the pretrial incarceration or anxiety suffered is undue. *Id.* ¶ 28. Wearing an ankle monitor instead of being placed in a jail cell is not considered to be oppressive pretrial incarceration. *Id.* ¶ 29. Therefore, even if the delay would be considered presumptively prejudicial in this case, Defendant did not meet his burden of demonstrating prejudice.

For the reasons discussed in this Opinion and in our calendar notice, we affirm the district court's determination that Defendant's speedy trial rights were not violated.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**